IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2019 MAR 22  P 12: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **RUBY EDNA THOMAS,** | § |
| **Plaintiff,** | § |
| -vs- | § Civil Case No. 2:19-CV-208-MHT |
| **DOLGENCORP, LLC., a Foreign Limited Liability Company, and MAURICE MINNIFIELD, an individual.** | § |
| | § **TRIAL BY JURY REQUESTED** |
| **Defendants.** | § |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Ruby Edna Thomas is a resident of Butler County, Alabama.

2. Defendant Dolgencorp, LLC (hereinafter referenced as "DOLGENCORP") is an Foreign Limited Liability Company that does business in Butler County, Alabama.

3. Defendant Maurice Minnifield (hereinafter referenced as "MINNIFIELD") is an individual who upon knowledge and belief is a resident of Autauga County, Alabama.

4. At all times material to this action, Plaintiff was employed by DOLGENCORP at their Butler County, Alabama location.

## JURISDICTION AND VENUE

5. This action is brought pursuant to the statutory scheme set out under the FLSA, 29 U.S.C. § 201 et seq. Specifically, this lawsuit seeks to remedy violations of the wage provisions of the FLSA by Defendants. Defendants' actions has deprived Plaintiff of lawful wages.

6. Furthermore, Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b).

8. DOLGENCORP is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

9. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

10. At all times material to this action, DOLGENCORP was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

11. At all times relevant to this action, DOLGENCORP was an "employer" of the Plaintiff as defined by § 203(e)(1) of the FLSA.

12. At all times material to this action, Plaintiff was an "employee" of DOLGENCORP as defined by § 203(e)(1) of the FLSA, and worked for DOLGENCORP within the territory of the United States within three (3) years preceding the filing of this lawsuit.

13. The provisions set forth in §§ 206 and 207 of the FLSA applies to DOLGENCORP and the Plaintiff and covered by this section while Plaintiff was employed.

14. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202 (declaratory judgments),

and Fed. R. Civ. P. Rule 57.

## STATEMENT OF FACTS

15. Plaintiff was employed by DOLGENCORP as store manager.

16. As store manager, Plaintiff worked 40-80 hours each week. Plaintiff was compensated on a salary basis.

17. While employed by DOLGENCORP, Plaintiff often worked overtime for which she was not paid.

18. DOLGENCORP knew Plaintiff worked off the clock and knew she was not paid overtime for all hours worked.

19. DOLGENCORP failed to keep fair and accurate time records for all hours worked.

20. DOLGENCORP conduct toward Plaintiff of denying overtime wages, requiring employees to work off the clock, and not keeping accurate payroll records was part of a pattern and practice of wrongful conduct that involved Plaintiff and other hourly employees.

21. Plaintiff Ruby Edna Thomas was employed by Defendant DOLGENCORP for more than twenty-four years. The Plaintiff had never received a write up or disciplinary action.

22. In April 2017, Defendant MINNIFIELD became the District Manager.

23. The Plaintiff was informed Defendant MINNIFIELD said "he wanted to get rid of the Plaintiff because he was told she was an old racist white woman".

24. On October 3, 2018, the Plaintiff was terminated for alleged inappropriate conduct. Plaintiff was informed the inappropriate conduct was in the form of an alleged conversation someone claimed to overhear the Plaintiff saying "if I can ever get rid of this one I will never hire another one". The Plaintiff never made this statement.

25. Based on the foregoing, Plaintiff Ruby Edna Thomas states she was subject to race discrimination, in violation of Title VII, 42 U.S.C. §2000(e) and 42 U.S.C. §§ 1981 and 1981 (a). As a result of the illegal discrimination practiced against her, Plaintiff Ruby Edna Thomas has lost valuable income and incurred legal cost. Further, Plaintiff Ruby Edna Thomas has suffered mental and emotional anguish.

26. At no time did the Plaintiff ever commit any of the accused acts, and the Defendants have no proof otherwise.

### COUNT ONE
### (FLSA)

27. Plaintiff realleges paragraphs 1 through 26 of the Complaint as if set out here in full.

28. DOLGENCORP intentionally failed and/or refused to pay Plaintiff in accordance with the wage provisions of §§ 206 and 207 of the FLSA.

29. DOLGENCORP has been aware of the requirements of the FLSA and its corresponding regulations requiring it to provide Plaintiff with the minimum wage and overtime compensation.

30. As a results of DOLGENCORP's violation of the FLSA, Plaintiff has suffered damages by failing to receive the minimum wage and/or overtime pay in accordance with §§ 206 and 207 of the FLSA.

31. DOLGENCORP's action in failing to compensate Plaintiff was willful.

32. DOLGENCORP has not made a good faith effort to comply with §§ 206 and 207 of the FLSA.

**WHEREFORE, PREMISES CONSIDERED,** pursuant to § 216(b) of the FLSA, Plaintiffs pray for the following relief:

   a. Damages in the amount of unpaid compensation, plus an equal amount of liquidated damages, and prejudgment interest;

   b. Reasonable attorneys' fees, including the costs and expenses of this action; and

   c. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which Plaintiffs may be entitled.

## COUNT TWO
### (Defamation Libel Per Se)

33. Plaintiff realleges paragraphs 1 through 32 of the Complaint as if set out here in full.

34. MINNIFIELD's acts of defamation slander per se, "he wanted to get rid of the Plaintiff because he was told she was an old racist white woman" was the oral communication to a third person of a false and malicious defamation subjecting the Plaintiff to disgrace, ridicule, odium, or contempt.

35. As a proximate consequence of the MINNIFIELD's acts of defamation slander per se, Plaintiff Ruby Edna Thomas was injured and damaged as described in paragraph 25 herein above.

**WHEREFORE, PREMISES CONSIDERED,,** Plaintiff Ruby Edna Thomas demands judgment against Defendants in such an amount of punitive and compensatory damages as a court may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT THREE
### (Plaintiff's First Cause of Action - Race, Gender, and Age Discrimination)

36. Plaintiff realleges paragraphs 1 through 35 of the Complaint as if set out here in full, and further avers that the Defendants' actions toward her violated her right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Acts of 1964 (42 U.S.C. §2000(e), et seq.) As amended by the 1991 Civil Rights Act, and 42 U.S.C.

§1983 and 1981-1981(a), acting under the color of state law and vulnerable for individual liability through 42 U.S.C. §§1983 and 1981-1981(a).

37. As a proximate cause of Defendants afore-described actions in discriminating against Plaintiff Ruby Edna Thomas, due to her race, sex and/or age, Plaintiff Ruby Edna Thomas was injured and damaged, as more fully set forth in paragraphs 1-26 above. In addition, Plaintiff Ruby Edna Thomas has suffered considerable mental and emotional anguish.

38. Plaintiff avers that she has pursued and exhausted her administrative remedies.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Ruby Edna Thomas prays that this Court will grant the following relief:

   a. Judgment declaring that the Defendants discriminated against Plaintiff Thomas on basis of her race, sex, and/or age;

   b. An Order granting Plaintiff Thomas compensation for rights to which Plaintiff Thomas would have been entitled, had Plaintiff Thomas not been the victim of race, sex, and/or age discrimination, effective from date of Final Judgment;

   c. An award of compensatory damages, including for mental anguish, to which Plaintiff Thomas may be entitled;

   d. An award of punitive damages, due to the egregious nature of the race, sex, and/or age discrimination practiced against Plaintiff Thomas so openly tolerated, ratified and acquiesced in by the Defendants;

   e. An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief; and

f. Such further, other and different relief as the Court may deem appropriate and necessary.

PATRICK L. HAYS, JR. (ASB-2301-C45H)
Attorney for Plaintiff

**OF COUNSEL:**

**HAYS LAW FIRM**
415 East Commerce Street, Suite 201
Greenville, Alabama 36037
Telephone: 334-371-4297
Fax: 334-371-4296
phays@hays-lawfirm.com

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES RELATED TO THIS CAUSE

### The Plaintiff requests that the Defendants be served by Certified Mail at:

Dolgencorp LLC
Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

Maurice Minnifield
Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

OF COUNSEL